WILLIAM SCHUYLER *vs.* JOHN SYLVESTER et al.

1. Where a suit is commenced by attachment, if the defendant enters an appearance, gives bond, and gets the attachment dissolved, the personal property attached is discharged from the lien.

2. If judgment is recovered by the plaintiff, the property may be surrendered in discharge of the bond, but it must be delivered in the same condition, as to title and encumbrance, as it was when the bond was executed.

3. If the property has been seized by virtue of a second attachment, it

is beyond the power of the defendant and his surety to return it; the bond becomes substituted as the plaintiff's security, and his remedy is by action upon it.

4. In an action on the bond, the measure of damages is the amount of the plaintiff's judgment recovered in the former suit, with the costs of that suit, and judgment should be entered for the penalty of the bond, and for the damages sustained for the plaintiff, ascertained as before stated.

On case certified from the Hudson Circuit.

Argued before Justices HAINES and VAN DYKE.

*Fleming* and *Williams,* for plaintiff.

*Gilchrist,* for defendant.

HAINES, J. This is an action on a bond given under the 27th section of the attachment act, upon the appearance of defendants, conditioned for the return of the goods attached in case judgment should be rendered for the plaintiff.

By special verdict, a jury of the county of Hudson have found that the writ of attachment, at the suit of the plaintiff, was served upon certain canal boats, the property of the West Branch Bituminous Coal Company, the defendants in attachment, who caused their appearance to the suit to be entered, and the bond in question to be executed to the sheriff; that the court, having approved the bond, ordered the same to be filed, and the writ and proceedings in attachment set aside, and the lien upon the property to be discharged.

Whereupon a declaration was filed, and such proceedings had, that, on the 14th June, 1858, the plaintiff obtained final judgment for his damages and costs of suit.

And the jury further found, that after the dissolution of the attachment, and before the plaintiff obtained his judgment, one John A. Bunting sued out another writ of attachment against the same defendants, and caused it to

be served on the same property, to which last action no appearance was entered.

That after the judgment of the plaintiff in this suit was entered, John Sylvester, as the surety in the bond, requested the sheriff to take the property in question, it then being in as good condition, as to its value, as it was when the first attachment was served, and offered to deliver it to him ; that the sheriff refused to receive the property, because of its being subject to the second attachment, due notice of which tender and refusal was immediately given to the attorney of the plaintiff, and the jury have submitted to the judgment of the court whether, under these circumstances, the defendant, Sylvester, is liable upon the bond ; and if he is liable, whether the measure of damages is the amount at which the property was appraised, or the amount of its true value, or the amount of the judgment recovered by the plaintiff ; all which several amounts they have found. Judgment is now asked upon the verdict.

Upon the entry of a defendant's appearance, and dissolution of the attachment, personal property is discharged from the lien. Real estate attached is, by the 8th section of the act, made subject to the lien of the attachment, and it so continues to the end of the suit ; and when the appearance is entered and the attachment dissolved, the property is left subject to all legal liens created by the statute. *Anonymous*, 5 *Halst.* 60.

But not so as to personal estate, that is wholly discharged, and the bond is substituted for it. The defendant takes the property, to do with it what he pleases, provided he have it ready to be returned if judgment be recovered by the plaintiff.

If he suffered the property to be destroyed, removed, or placed beyond his control, he cannot return it in fulfilment of the condition of the bond. If he suffer it to become liable for his debts, to be taken in execution or to be seized by subsequent attachment, he puts it out of his power

to render it in discharge of the obligations of the bond. The property is then in the custody of the law, and beyond the defendant's ability to deliver it to the sheriff, as contemplated by the statute. The mere physicial delivery of the goods is not sufficient. It must be a delivery in the same condition, as to title and encumbrance, as that in which they were at the time of the execution of the bond. The tender made by the defendant, Sylvester, was no compliance with the condition of the bond, and his liability became fixed on the failure properly to deliver the goods after judgment rendered in favor of the plaintiff.

His character as surety gives no special claim to relief, nor any special right in the property. It was upon his credit that the goods were delivered to the defendants, and he is bound to see that they comply with the condition of the bond, and he is responsible for the consequences of the breach of it.

As to the measure of damages, it is only necessary to consider the object of the attachment. It was to secure the payment of the money due to the plaintiff, and the legal costs of prosecuting his claim.

The lien of the writ, while it remained on the property, was to that extent only; and if the property had been rendered according to the condition of the bond, that is all that the plaintiff could have made out of it. That amount, with the costs of that suit, is therefore the measure of damages.

The jury found that sum to be one hundred and forty-three dollars, which is less than the true value of the property.

Let judgment be entered for the plaintiff for the penalty of the bond, and for his damages sustained by reason of the breach of the condition, to the sum so found, with the costs of this suit to be taxed.

VAN DYKE, J., concurred.